Frederick W. Rosenberger and Another, Appellants, *v.* Elizabeth M. Johnson, Respondent.

Fourth Department, September 24, 1924.

Evidence — handwriting — signature on bond properly proved by expert evidence that it was written by same hand that wrote admitted genuine signature — bond should have been admitted.

In an action on a bond in which the genuineness of the signature on the bond is in dispute, it is proper to prove that the signature is genuine by testimony of two qualified expert witnesses that the signature on the bond was written by the same hand that wrote the signature on the mortgage which was admitted in evidence as a standard of comparison on proof of its genuineness, and, therefore, the bond in question should have been received in evidence and the case submitted to the jury.

Appeal by the plaintiffs, Frederick W. Rosenberger and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 26th day of February, 1924, upon the dismissal of the complaint at the close of the plaintiffs' case, as amended by an order entered in said clerk's office on the 28th day of February, 1924.

*Frank Hopkins*, for the appellants.

*Horace M. Stone* [*Maurice A. Phelps* of counsel], for the respondent.

PER CURIAM:

The defendant's motion for a nonsuit was granted on the ground that the execution of the bond on which the action was brought was not proved. A genuine signature for use as a standard of comparison, being the signature upon the Munger mortgage, was established both by the certificate of acknowledgment and by the oral testimony of the notary who executed the certificate and was received in evidence. The signature upon the bond in question was stated by two qualified witnesses to have been written by the same hand that wrote the signature upon the Munger mortgage. This was a proper way to establish the genuineness of the signature upon the bond. (Civ. Prac. Act, § 332; *Turnure* v. *Breitung*, 195 App. Div. 200; *People* v. *Molineux*, 168 N. Y. 264.) The bond should have been received in evidence. A *prima facie* case was, therefore, made out which should have been submitted to the jury.

The judgment should be reversed, with costs to the appellants to abide the event.

All concur. Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ.

Judgment reversed on the law and new trial granted, with costs to appellants to abide event.